BUILDERS MATERIAL SUPPLY COMPANY,

*v.*

EGIDIO W. MASCIA.

[Decided February 1st, 1932.]

*Mr. Anthony R. Finelli* and *Mr. Samuel J. Kaufman,* for the appellant.

*Mr. Scott German,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

In the early part of 1928 representatives of the Elbee Construction Company applied to the officers of the Builders Material Supply Company, a corporation engaged in the sale of mason's supplies, to furnish such supplies for an apartment about to be erected by the Elbee Construction Company in Summer avenue, in the city of Newark, requesting that such supplies be furnished on credit. The representatives of the Builders Material Supply Company refused to extend the credit unless payment of the account of the Elbee Construction Company should be guaranteed. Thereupon one Laudonia, representing the Elbee Construction Company, called on Mascia and requested him to guarantee the account, and he agreed to do so. The guaranty agreement was reduced to writing, but instead of naming the Elbee Construction Company as the party to whom the supplies were to be furnished, it named the Elbee Corporation. Upon receiving this contract of guaranty, the Builders Material Supply Company proceeded to furnish mason's supplies to the Elbee Construction Company, to be used in the erection of the Summer avenue building, and the latter company having defaulted in the payment for such supplies, the Builders Material Supply Company brought suit against Mascia on his contract of guaranty. The matter came on to be heard in the Essex circuit court, and the complaint was there stricken out on the ground that the guaranty was for the payment of materials to be furnished to the Elbee Corporation, and that it was admitted that no materials were furnished by the plaintiff to it. Thereupon the Builders Material Supply Company filed the present bill, seeking a reformation of the guaranty contract by the insertion therein of the name "Elbee Construction Company" in the place of "Elbee Corporation." In due course the case came on for final hearing before Vice-Chancellor Berry, and his consideration of the proofs submitted led him to the conclusion that the complainant was entitled to the relief sought, and he advised a

decree recommending the reformation of the contract in the respect already indicated. From the decree entered in accordance with this recommendation, Mascia, the defendant below, has appealed.

The first ground urged for a reversal is that the decree was without legal justification, for the reason that there was no proof of the identity of the person who wrote the words "Elbee Corporation" in the place where they appear in the contract. We find no merit in this contention. It appears clearly from the testimony submitted that the contract of guaranty was intended to protect the complainant below against loss in the supplying of mason's materials to the Elbee Construction Company for use in the erection by it of the building on Summer avenue, and that the appellant, Mascia, the defendant below, was fully aware of this fact when he signed the contract of guaranty. This being so, it was entirely immaterial who was the scrivener who wrote these words in the contract.

The next ground for reversal as stated in the brief of counsel is that it was the duty of the court of chancery to settle and adjust all claims between the parties in one suit, if possible. Just what is meant by this statement, in view of the pleadings in the case, is not clear. The argument in support of it is based upon the alleged fact that Laudonia, the representative of the Elbee Construction Company, agreed at the time the guaranty contract was executed to be one of the parties to it; that in fact he did not sign it; that, for this reason, the contract was not complete; and that, consequently, no liability under the guaranty contract attached to Mascia, who was the only party signing it. It is enough to state in disposing of this contention that no claim is made in the answer filed by the appellant in the court of chancery that the facts just recited constituted a bar to the rendition of a decree reforming the contract in accordance with the prayer of the bill of complaint, and that, for this reason, the vice-chancellor before whom the case was heard was justified in disregarding it as a matter not involved in the litigation. If the appellant desired to have this matter considered and

determined by the court of chancery, he should have applied to that court to amend his answer by setting up these facts as a bar to the complainant's right to have the relief prayed for.

The only other ground for reversal urged on behalf of the appellant is that the decree is inequitable because the mistake made in the insertion of the name of the Elbee Corporation instead of the name of the Elbee Construction Company was not a joint one, but was unilateral, and that the complainant alone was responsible for it. The argument is that the court will not reform a contract under such conditions. Our examination of the proofs in the case, however, satisfies us that this ground for reversal is based upon an inaccurate view of the facts. The testimony demonstrates, in our opinion, that the mistake in inserting the name of the Elbee Corporation in the place of the Elbee Construction Company was one in which all the parties to the contract participated.

The decree under review will be affirmed for the reasons above indicated.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.